5 F.3d 1021
 Marvin FLOWERS, Petitioner-Appellant Cross-Appellee,
v.
ILLINOIS DEPARTMENT OF CORRECTIONS, Respondent-Appellee
Cross-Appellant.
 Nos. 91-2330, 91-2415.
 United States Court of Appeals,
Seventh Circuit.
 Argued Jan. 7, 1992.
Decided May 7, 1992.
Vacated and Remanded by the
United States Supreme Court June 14, 1993.
Decision on Remand Sept. 27, 1993.
 
 Anne Meyer, Asst. Illinois State Appellate Defender, Chicago, IL, for petitioner-appellant.
 Terence M. Madsen, Asst. Atty. Gen., Steven J. Zick, Office of the Atty. Gen., Criminal Appeals Div., Richard S. London, Asst. Atty. Gen., Office of the Atty. Gen., Chicago, IL, for respondent-appellee.
 Before POSNER and EASTERBROOK, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 ESCHBACH, Senior Circuit Judge.
 
 
 1
 The Supreme Court of the United States vacated the judgment of this court in Flowers v. Illinois Department of Corrections, 962 F.2d 703 (7th Cir.1992) and remanded the case to us for further consideration in light of Gilmore v. Taylor, --- U.S. ----, 113 S.Ct. 2112, 124 L.Ed.2d 306 (1993). The Supreme Court's opinion in Gilmore v. Taylor removes the basis upon which we determined that Marvin Flowers ("Flowers") was eligible for federal habeas corpus relief. Accordingly, we reverse the judgment of the district court and remand the case with instructions to enter an order denying habeas relief to Flowers.
 
 
 2
 An Illinois jury convicted Flowers of murder under a version of murder and voluntary manslaughter instructions held to be violative of federal due process by this court in Falconer v. Lane, 905 F.2d 1129 (7th Cir.1990). Earlier, the Illinois Supreme Court found these instructions statutorily deficient in People v. Reddick, 123 Ill.2d 184, 122 Ill.Dec. 1, 526 N.E.2d 141 (1988). After exhausting his state remedies, Flowers petitioned for federal habeas corpus relief, claiming that his due process rights had been violated by the written and oral instructions tendered to the jury and that his rights against double jeopardy had been violated in the state proceedings. The district court granted Flowers relief on the due process ground, vacating his murder conviction, but denied relief on the double jeopardy ground, thereby allowing Illinois to retry Flowers within ninety days. Both Flowers and Illinois appealed. On appeal, we affirmed the district court, approving both the grant of habeas relief on the due process ground and the denial of relief on the double jeopardy ground. Flowers v. Illinois Department of Corrections, 962 F.2d 703 (7th Cir.1992), vacated and remanded, --- U.S. ----, 113 S.Ct. 2954, 125 L.Ed.2d 656 (1993).
 
 
 3
 Our reasoning in Flowers depended on this Circuit's prior holding in Taylor v. Gilmore, 954 F.2d 441 (7th Cir.1992) [Taylor I ], which was reversed by the Supreme Court in Gilmore v. Taylor, --- U.S. ----, 113 S.Ct. 2112, 124 L.Ed.2d 306 (1993) [Taylor II ]. The Taylor I court held that habeas petitioners were entitled to retroactive application of Falconer, because Falconer did not announce a "new rule" under Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). In reversing Taylor I, the Taylor II court held that "[b]ecause the rule announced in Falconer is 'new' within the meaning of Teague, and does not fall into one of Teague's exceptions, it cannot provide the basis for federal habeas relief...." --- U.S. at ----, 113 S.Ct. at 2119. This holding leaves little room for debate in Flowers' case. Clearly, Flowers is not entitled to habeas relief based on the written murder and voluntary manslaughter instructions presented to the jury in his trial.
 
 
 4
 In his Circuit Rule 54 statement, Flowers argues his due process rights were separately violated by the trial court's supplemental oral instructions. After the jury returned its verdict convicting Flowers of both murder and voluntary manslaughter, the trial court re-read the written instructions to them and explained that Flowers could not be convicted of both crimes. (R. 1078-81.) After retiring to reconsider their verdict, the jury inquired how they should communicate their decision to the court. In open court, the trial judge and the jury foreman discussed how to handle the verdict forms. (R. 1081-84.) These supplemental oral instructions were consistent with the written instructions and contained the same flaws. If we were to grant habeas relief based on the oral instructions, we would be invoking the same "new rule" announced in Falconer. As a result, the oral instructions likewise cannot provide the basis for federal habeas relief.
 
 
 5
 Having disposed of Flowers' due process arguments, we pause to note that our affirmance of the district court's denial of habeas relief on the double jeopardy ground is unaffected by Taylor II. Therefore, we will not reconsider it here.
 
 
 6
 For the foregoing reasons, we REVERSE the judgment of the district court and REMAND with instructions to enter an order denying federal habeas relief to Flowers.